IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERIC S. RUSSELL                                                            PLAINTIFF

           v.                         Civil No. 3:13-cv-03101

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Eric S. Russell, brings this action pursuant to § 205(g) of Title II of the Social Security Act, seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Supplemental Security Income ("SSI") under the provisions of Title II of the Social Security Act ("Act"). The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on July 18, 2011 (Tr. 25, 172) alleging an onset date of March 5, 2004 due to a ruptured disk in his lower back, severe anxiety, depression, back injury, neck injury, and high blood pressure. (Tr. 176). Plaintiff's claim was denied initially and on reconsideration. An administrative hearing was held on May 24, 2012, at which Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

appeared with counsel and testified. (Tr. 40-82). A Vocational Expert, ("VE") as well as Plaintiff's wife and friend were also present and testified. (Tr. 25).

The Administrative Law Judge ("ALJ") determined Plaintiff had the following severe impairments: depression, anxiety, degenerative disc disease of the lumbar spine, disc disorder of the cervical spine, and hypertension. (Tr. 27, Finding 2). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments. (Tr. 28-29, Finding 3).

The ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 29-33, Finding 4). The ALJ first evaluated Plaintiff's subjective complaints and found that they were not entirely credible. (Tr. 30). The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in CFR 404.1567(a) except he can perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience, several variable, uses judgment within limits; supervision required is little for routine but detailed for non-routine. (Tr. 29).

The ALJ found Plaintiff was forty-years old on his alleged disability onset date. (Tr. 21, Finding 6). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c). As for his level of education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 33, Finding 7).

With the help of a VE, the ALJ evaluated Plaintiff's past relevant work ("PRW"). (Tr. 76-82). The ALJ determined Plaintiff's PRW was as an auto glass tech, general laborer, and machine operator. (Tr. 33, 77-78, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 34,

Finding 9). Based on the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as fishing boat assembler, and was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 34). The ALJ concluded the Plaintiff was not under a disability. (Tr. 34, Finding 10).

Plaintiff then requested a review of the hearing decision by the Appeals Council on August, 13, 2012 (Tr. 19-20), which denied that request on September 25, 2013. (Tr. 1-4). On November 1, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 5, 2013. ECF No. 5. Both Parties have filed appeal briefs, and the case is ready for decision. ECF Nos. 12, 13.

**2.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258

F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at lease one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993)

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

3.   **Discussion**:

Plaintiff raises the following arguments on appeal: (1) The ALJ did not give sufficient weight to the treating physician's medical opinions; (2) the ALJ erred in the RFC assessment because the ALJ did not adequately consider Plaintiff's limitations from pain; and (3) the ALJ's decision should be remanded because it was not supported by substantial evidence. ECF No. 12 at 8-15. Plaintiff's

third point is a conclusion not an argument, and the Court's attention is on whether the ALJ appropriately weighed the opinion evidence and properly considered Plaintiff's limitations from pain to arrive at an RFC determination.

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393. F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404. 1545(a)(3). A claimant's RFC is a medical question and an ALJ's determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is required to assess a claimant's limitations and to determine how those limitations affect a claimant's RFC. *Id*.

The Court first considers whether the ALJ properly discounted the opinions of Dr. Kevin Jackson, the Plaintiff's treating physician. A treating physician's opinion is generally entitled to substantial weight, although the opinion is not conclusive and must be supported by medically acceptable clinical or diagnostic data. *Davis v. Shalala*, 31 F.3d 753, 756 (8th Cir. 1994); 20 C.F.R. § 404.1527(d)(2). An ALJ may reject the opinion of any medical expert that is inconsistent with the medical record as a whole. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 1989). Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (citing 20 C.F.R. § 404.1527(d)(2)).

The record included a physical RFC assessment and medical notes from Dr. Jackson. Dr. Jackson's opinion was that Plaintiff was in constant pain and incapable of holding even low stress jobs. (Tr. 360). Dr. Jackson also believed Plaintiff should not lift and carry more than fifteen pounds, should refrain from reaching overhead, and "with [Plaintiff's] anxiety issues along with his physical limitations, he will not be able to maintain employment." (Tr. 359-363). The record also included physical RFC assessments from the State's consulting physicians, Dr. Bill Payne and Dr. Sharon Keith, who opined Plaintiff's physical impairments were non-severe. (Tr. 318, 356); a State mental diagnostic evaluation by Dr. Terry Efird who did not state Plaintiff had any significant limitations and evaluated Plaintiff's Global Assessment of Functioning ("GAF") as 55-65; and mental RFC assessments from the State's consulting physicians, Dr. Brad Williams and Dr. Kevin Santulli, who opined Plaintiff had several moderate mental limitations but no severe limitations. (Tr. 325-327, 357).

After acknowledging Dr. Jackson's long-term treatment relationship with Plaintiff and considering all of the evidence, the ALJ determined Dr. Jackson's opinions were entitled to little weight because Dr. Jackson's opinions were inconsistent with his own treatment records and the record as a whole. (Tr. 32). The ALJ specifically called attention to the lack of any physical limitations identified by Dr. Jackson's examinations, the absence of any recommendations for surgery, and Plaintiff's normal daily activities such as driving, personal care, and completing yardwork. (Tr. 32). The Court notes the medical records show Plaintiff complained of back pain to Dr. Jackson in July 2006 (Tr. 405) and September 2007 (Tr. 396-398), but Plaintiff did not complain about back pain again until November 2009 when he requested Hydrocodone instead of Percocet. (Tr. 377).

In 2011, Plaintiff visited Dr. Jackson four times for a check-up and medication refills. (Tr. 297-301, 343). During each of these visits, Dr. Jackson reported there were no abnormalities for the neck or extremities and that reflexes were normal. *Id.* On July 21, 2011, however, Dr. Jackson noted Plaintiff was tender over the lower lumbar and cervical spine and had positive straight leg raises on the right. (Tr. 297). Notes from the follow-up in October 2011 reflected no changes from the July visit. (Tr. 297). On January 10, 2012, Plaintiff returned to see Dr. Jackson for a check-up and complained his pain medications were not controlling his pain in his back and he had numbness and tingling in his left arm and tingling and weakness in his legs. (Tr. 412). Dr. Jackson again noted Plaintiff's extremities and reflexes were normal and his gait was within normal limits, but Plaintiff was tender over the lower lumbar spine and cervical spine and he had positive straight leg raises on the right. (Tr. 412). Dr. Jackson's treatment remained unchanged, however, and only he refilled Plaintiff's medication and told Plaintiff to return for a check-up. (Tr. 412-413). The next visit was for a check-up and medication refills on March 20, 2012 where Dr. Jackson did not note Plaintiff voiced any pain complaints. (Tr. 410).

An ALJ may reject the conclusions of any medical expert if the conclusions are inconsistent with the record as a whole or inconsistent with the physician's treatment notes. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010). Here, the ALJ provided sufficient reasons to discount Dr. Jackson's opinions. The ALJ considered all of medical evidence and concluded Dr. Jackson's opinions were not consistent with the medical records, including Dr. Jackson's own treatment records, which is an appropriate reason for discounting a treating physician's opinion. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

Plaintiff also argues an ALJ can only discount a treating physician's medical opinions after attempting to contact the physician for explanation or clarification and calls the Court's attention to three cases, *O'Donnell v. Barnhart*, 318 F.3d 811 (8th Cir. 2003); *Bowman v. Barnhart*; 310 F.3d 1080 (8th Cir. 2002); *Gutzman v. Apfel*, 109 F. Supp.2d 1129 (D. Neb. 2000). (ECF No. 12 at 10). The Court has carefully read these cases and found they are mischaracterized and do not apply to the Plaintiff's case. *O'Donnell* and *Bowman* addressed a situation where the record included copious notes from medical visits with a treating physician but the physician did not provide an RFC assessment containing a medical opinion. *See Cox,* 495 F.3d at 620)(discussing the reasons *Bowman* was remanded). The courts in those cases concluded the ALJ failed to develop the record by not contacting the treating physician and erred by only interpreting the notes in the medical record. *Gutzman* meanwhile is not precedential and distinguishable because it involved a case where the ALJ discredited a treating physician's medical opinions for not being based on laboratory evidence even though the record included several laboratory results that were consistent with the physician's opinions. Contrary to Plaintiff's argument, the ALJ is only required to recontact a physician when a crucial issue is undeveloped, *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005), or when existing medical sources do not contain sufficient evidence to make a determination." *Matthews v. Bowen*, 879 F.2d 423, 424 (8th Cir. 1989).

The second prong of Plaintiff's RFC argument is that the ALJ did not properly account for Plaintiff's pain in the RFC determination. (ECF No. 12 at 13-14). Although difficult to unpack, Plaintiff's argument is essentially that his pain is so limiting, he cannot perform light work as defined by the Dictionary of Occupational Titles. In support of his argument, Plaintiff offers Dr. Jackson's medical opinion that Plaintiff's pain was severe enough to affect his attention and Dr. Jackson's

conclusion that Plaintiff "will not be able to maintain gainful employment." (Tr. 360; ECF No 12 at 9).

The Court first notes Dr. Jackson's opinion that Plaintiff could not maintain gainful employment was not entitled to weight because it invaded the ALJ's responsibility to make the disability determination. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012). The ALJ appropriately disregarded this conclusion.

At the administrative hearing, Plaintiff described his pain as "constant, nagging ... like a bad toothache in [his] lower back," (Tr. 49) and explained how his back pain affected his ability to sleep and happiness. (Tr. 53, 60). The ALJ determined "the intensity and persistence of the [Plaintiff's] pain and other symptoms are not consistent with the medical record signs and the medical record as a whole" after applying the framework directed by *Polaski v. Heckler*, 739 F.2d 1320, 1322. (Tr. 30-31, 33). As the ALJ noted in his opinion, Plaintiff testified he has severe pain in his lower back and neck and has to stay in bed as much as a week each month; that he has trouble sleeping; and has panic attacks that are triggered by back pain. (Tr. 29, 50-51). The ALJ also noted from the medical record that in July 2011 and January 2012 Plaintiff complained to Dr. Jackson his pain medications were not controlling his pain and Dr. Jackson noted Plaintiff's had tenderness in the cervical and lumbar spinal regions and positive straight leg raises. (Tr. 31). The ALJ's written decision shows he closely considered Plaintiff's subjective complaints of pain and descriptions of pain in the medical record.

The medical evidence from before the relevant time period showed Plaintiff underwent an MRI in January 2005 and was diagnosed with a a small left-sided herniated nucleus pulposis at L3-4, degenerative disc disease at L4-5 and L5-S1, and a small right-sided herniated nucleus pulposis at L5-S1 (Tr. 505), but as the ALJ observed, diagnostic studies did not support a surgical lesion or

nerve root compression, and surgery was never recommended. (Tr. 32). An examination of the lumbar spine by Dr. Ted Lennard showed mild reduction in flexion, full extension, and side to side bending. (Tr. 370). Plaintiff rated his pain as four to five on a ten point scale at the time of the examination and the results from an Oswestry questionnaire indicated Plaintiff had a severe perception of disability, that pain killers gave him moderate relief, and that his pain prevented him from lifting heavy weights but could lift light to moderate weights if they were conveniently positioned. (Tr. 370). Plaintiff also reported in a Pain Questionnaire submitted as part of his disability application that he could only sit for 1-2 hours or stand for 20-30 minutes before feeling some pain that would affect his concentration and that only medication helps relieve the pain. (Tr. 222-223).

Although it is clear Plaintiff suffers with some degree of pain, pain alone does not equate to disability, even when working may cause pain or discomfort. *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). The ALJ discredited Plaintiff's allegations of disabling pain because he had only received minimum medical treatment and had only taken medications for pain on an occasional basis. *See Williams v. Bowen*, 790 F.2d 713 (8th Cir. 1986). The ALJ was in the best position to gauge the credibility of testimony, and his findings on Plaintiff's subjective complaints are granted deference. *See Estes v. Barnhart*, 275 F.3d 722, 724.

The Court's careful review of the record shows that, in addition to the reasons the ALJ provided, other evidence supports the ALJ's physical RFC determination. Plaintiff stated in his Function Report he could walk an eighth of a mile without stopping and resting and could resume after only a few minutes of rest; he could mow his lawn using a riding lawnmower; he could drive himself; he went out about three to four times a week; and was capable of caring for himself and his

pets. (Tr. 205-208). At the hearing, Plaintiff also testified he could walk a distance of about two football fields and work on chores for a couple of hours with short breaks. (Tr. 57-58). The State's consulting physicians determined Plaintiff had no severe impairments. The Court also notes there is no evidence in the record showing Plaintiff sought treatment from specialists, received a recommendation of surgery, or completed physical therapy treatment. (Tr. 31-32).

The Court concludes substantial evidence supported the ALJ's RFC determination and his determination was based on all the relevant evidence in the record.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of November 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE